MIGUEL J. ARZUAGA, Plaintiff and Appellant, v. FRANCISCO AMADOR, Defendant and Appellee.

No. 7146.—Argued March 19, 1936.—Decided November 18, 1936.

*González Fagundo & González Jr.* for appellant.  *Angel Fernández Sánchez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The paintiff claims to have been in possession of a certain lot within the year next preceding the filing of his complaint, and that he was dispossessed of a part thereof by

the defendant. The latter denies that he has ever dispossessed the plaintiff of the lot described in the complaint or of any part of it. After the court had denied the plaintiff's motion for judgment on the pleadings, the case went to trial. The complaint was dismissed.

The appellant assigns nine errors.

■ The first error goes to the denial of the court to grant judgment on the pleadings. We have examined the complaint and the answer and we find that in fact the defendant has included in his answer some unnecessary and perhaps irrelevant averments. The plaintiff insists that the defendant has failed to deny the allegations of the complaint in a specific manner, as Section 110 of the Code of Civil Procedure (1933 ed.) requires, that no issue has been raised and that the complaint stands admitted. Paragraph 2 of the answer we hold raises an issue on the question of the alleged dispossession. The defendant specifically denies that he has dispossessed the plaintiff of the lot or any part of it. This would be enough in itself to justify the order of the court. But there is more, since if we examine paragraph 2 of the complaint and try to locate the parcel of land there described within the lot described in paragraph 1 of the same complaint we find it impossible so to do. That would tend to make the complaint defective in that it fails to describe properly the land in controversy. On the motion under discussion the court therefore could have rendered judgment against the plaintiff, but of course would have granted leave to amend. In point of fact the real or supposed location of the lot was attempted to be clarified at the trial.

■ The second error is based on the failure of the court to render an opinion as required by Section 227 of the Code of Civil Procedure. Up to 1925, when Section 227, *supra,* was amended, the jurisprudence of this court was clearly to the effect that findings of fact were unnecessary and even that a lack of an opinion would not cause a reversal. While

appellant has shown us no reason why we should vary or modify our past decisions, he made no attempt in the court below to obtain the opinion indicated in Section 227. The court, besides, in the progress of the trial showed its position as to the weight of the evidence and as to other matters. It may be said that the judgment of the court was the equivalent of an order on a motion for nonsuit after all the evidence was presented.

The third, fourth, fifth, sixth, seventh, and eighth errors are all related to each other and may be discussed together. The objection in all of them is that no investigation with regard to the title of the lot in question should be permitted. The appellant might be correct under different circumstances, but after examining the evidence our conclusion is that the errors, if any, were harmless. The burden was on the plaintiff to prove the dispossession.

The evidence is somewhat confusing and the appellant does not convince us that he made out a case for injunction or that appellee deprived him of the possession. Witnesses testified with diagrams before them and yet the diagrams are not included in the record, nor the purport of the testimony clearly indicated.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso took no part in the decision of this case.

Mr. Justice Hutchison agrees with the result.